■ In the Matter of the Claim of MELCHISEDEK SHABAZZ-ALLAH, Appellant. THE COLLEGE OF NEW ROCHELLE, Respondent. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [669 NYS2d 396] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 30, 1997, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his position as a security guard after an incident wherein he directed obscene and angry language at another employee and then twice refused his supervisor's orders to file an incident report in regard thereto. We affirm the decision of the Unemployment Insurance Appeal Board that claimant lost his employment under disqualifying circumstances. This Court has held that an employee's disrespectful conduct and vulgar language may constitute

disqualifying misconduct (*see, Matter of Schneider [Garden City Union Free School Dist.—Hudacs]*, 201 AD2d 811) as has the refusal to comply with a supervisor's reasonable request (*see, Matter of Talyansky [Magna Prods. Corp.—Sweeney]*, 236 AD2d 728, *lv denied* 90 NY2d 806). Claimant's assertion that his discharge was motivated by the employer's bias against him due to his Islamic religious practices, created an issue of credibility for resolution by the Board (*see, id.*). Substantial evidence supports the Board's ruling that claimant was guilty of disqualifying misconduct and that he made willful misrepresentations in order to obtain benefits, having stated on his application that his employment was discontinued due to "lack of work".

Mikoll, J. P., Mercure, White, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.